## Case No. 4,821.

FISHER et al. v. LORD.

[6 West. Law J. 137.]

Circuit Court, D. Massachusetts. Oct., 1848.

Albert W. Payne, of Bangor, and P. W. Chandler, for plaintiffs, in opposition to the motion.

Frederic Hobbs, of Bangor, and S. C. Maine, for defendant, in support of the motion.

WOODBURY, Circuit Justice, delivered the opinion of the court.

The first question was, whether the notes in suit were the property of the complainants or of the defendant. The complainants must make out a prima facie title, in order to sustain their right to an injunction. The respondent objected to the jurisdiction of this court to settle that question, on the ground that the complainants were not parties to the suit at law. But they were as much interested as if they were parties; for if Lord should recover and collect the sum due on the notes, and then prove irresponsible, the amount would be wholly lost to the complainants. The court has jurisdiction therefore, on general principles of equity. There was another difficulty in relation to jurisdiction, and it was that neither the federal nor the state courts can enjoin suits in each other. [Diggs v. Wolcott] 4 Cranch [8 U. S.] 179; [M'Kim v. Voorhies] 7 Cranch [11 U. S.] 279. But this was not a proceeding operating upon the state court itself; the respondent was enjoined in personam, and was within the jurisdiction of the court. This objection was not pressed, and from the result to which the court arrived, became of subordinate importance in the present case. The answer of D. W. Lord denied under oath the plaintiffs' title to the notes, the respondent's knowledge of their claims at the time he purchased, and the allegations of combination and collusion. If the answer were to be taken as true, it was obvious that the injunction must be dissolved. But the plaintiffs, by their testimony, had thrown grave doubts over the correctness of the answer, and the answer itself was defective in its details. And the proof, though objected to, was competent on a hearing to dissolve. Proof was given of the alleged partnership, and it was conceded that Franklin Adams & Co. were to share in the profits of the firm of Josiah S. Hooke. They were therefore liable for the debts; the partnership property must go to pay the partnership debts; and would pass to the assignees, under the laws of Maine. The conduct of Hooke, in selling out and absconding, showed that he so understood the relations of the parties. The fact that Franklin Adams & Co. had sued Hooke for their profits, could not affect the rights of the creditors, who were represented by the complainants. These conclusions were sufficient as to the title of the complainants to the notes, on this preliminary hearing.

The respondent contended that he bought the notes, bona fide and without notice of the partnership, and was entitled therefore to hold them against all the world. This conclusion, even if the facts were so, was rather questionable as matter of law, where the notes were purchased after a failure, and for a very inadequate consideration. But the facts which attended the sale threw many shadows over its fairness. Here were all the standard indicia of a design in the sale to defraud creditors, if not of collusion and actual knowledge of it in the purchasers;—(1) a sale soon after a failure; (2) a sale for a very inadequate consideration; (3) between relatives; (4) with circumstances of concealment. The answer, as well as the evidence, shows that Nathaniel Lord, the brother of the respondent, was, in a few weeks after the date of the notes. the prime mover in the purchase, and was then, and is still, interested in certain proportions. The respondent is defending for Nathaniel as well as himself; and is bound by his knowledge and acts. Yet Nathaniel does not come in or ask to come in as a party, nor does Daniel ask to have him; nor does he offer with his own answer any affidavit of Nathaniel to the want of any knowledge, at the time of the purchase, of the claims of the plaintiffs to these notes. It will be seen that the answer, as an answer, is entirely insufficient without this; as the respondent's denial, without it, amounts to little or nothing. He lived in a place remote from the purchase,—took no part in it,—is ignorant of its terms and of the knowledge, Nathaniel, his agent and coparty in interest, then possessed.

To be sure, some testimony of Nathaniel in another cause, and taken by another party, was introduced bearing on this case; but the court felt constrained to say. that the whole weight of the circumstances in the case was against the direct evidence by Nathaniel Lord and Josiah and William Hooke respectively, that the claim of the plaintiffs was not known by them, or by Nathaniel Lord as well as Josiah Hooke, when the purchase was actually made or completed; and that the transaction was not a combination throughout to keep these notes and their proceeds from the creditors of F. Adams & Co., as well as those of the house of J. S. Hooke. Among other suspicious circumstances were the manner of making the respondent a purchaser, without his knowledge of the price, or his giving any authority to buy; the agency of Veazie, another relative of Nathaniel; several important contradictions in the testimony of Wm. and Josiah Hooke and others; the fact that the purchase was not in the line of Daniel W. Lord's business; the loss of so many original letters; the absence of all post-marks to settle dates, while the attempt, supported by affidavits of some of the parties, was made to fix the purchase in October, or before the bill for an injunction on the 3d of November; the looseness of the dates produced, referring to months and not days; the contradiction in them in relation to the "thanksgiving din-

ner" in November, when in fact it took place in Dec. 3, of that year, after which the notes were still with Josiah S. Hooke; the fact that the first payment was not made till January; the entire absence of the correspondence, originals or copies, as to drawing for a part only on Daniel W.; the institution of the suit in the name of Daniel W. alone, when the interest was in Nathaniel and Daniel W. jointly;—all these circumstances created strong doubts whether the sale could have been till some time after the first injunction, November 3, 1846; and whether both Nathaniel Lord and Josiah S. Hooke as well as William did not know, at the time of the sale, all the material facts which tended to affect the validity of the notes; and they excited strong suspicion and discredit as to the bona fide character of the whole transaction, as set up by the respondent, his agent, and the promisee of the notes. The letters put in subsequently to the hearing did not materially affect these conclusions. Not one letter, written after the 1st of November, bears any date of the day of the month, while all written before, do so. Besides this, and indicating suspicion as to the fairness of the transaction, none of the letters bear now any post-mark or filing, to show when they were written or received.

The court did not therefore feel justified in dissolving the injunction immediately, on so defective an answer, and on such strong circumstances to sustain the right of the plaintiffs to these notes or their proceeds. But as the respondent has the actual possession of these notes and has commenced suits upon them, the court were disposed to let him proceed with those suits, upon filing bonds to pay over the proceeds to a receiver whenever ordered by this court, and to make full indemnity to the plaintiffs for any claim they may establish to the notes, or their proceeds in law or equity, and six per cent. interest on them after collection. This will give the assignees of the creditors of F. Adams & Co., in Maine, all the benefit of the continuance of the injunction and the appointment of a receiver, and will operate no more harshly on Darrow than would a collection from him by a receiver. The court therefore ordered that the injunction be dissolved, upon the respondent's filing a bond to pay over the proceeds of the suits pending in the court of common pleas to a receiver, when he shall be ordered to do so, and to fully indemnify the plaintiffs for any claim to the proceeds, with interest on the money after it is collected; the bond to be approved by a master in chancery; previous to which the bond is to be submitted to the other party; and in case of necessity, the court will further hear the parties thereon. The injunction was ordered to be continued until such satisfactory security shall be filed; and when filed, the temporary injunction is to be considered as dissolved, and the bill will stand for evidence and hearing on the merits.